UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHNNY W. MCWHORTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | CASE NO.   C05-5175FDB<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for February 24, 2006 |

　　This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been fully briefed. The parties agree that the ALJ committed certain errors and only disagree as to whether the matter should be remanded for further review or reversed and remanded with direction to award benefits without any further review. After reviewing the record, the undersigned recommends that the Court remand the matter for further proceedings.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

　　Born in June 1948, Plaintiff was 55 years old as of the date of the hearing decision (Tr. 42, 78). Plaintiff had a high school education (Tr. 27; 29, Finding 10) and past work as a ship sandblaster, a companion, a factory general laborer, and a machinist (Tr. 27, 63-64).

　　Mr. McWhorter filed applications for a period of disability, social security disability benefits, and supplemental security income on November 15, 1993, wherein he alleged disability on January 2, 1993 (Tr. 20), based on depression, post-traumatic stress disorder, emphysema, and a visual impairment. His

1  applications were denied at the initial determination and reconsideration stages (Tr. 100-101 & 104-105).
2  Mr. McWhorter thereafter filed a Request for Hearing (Tr. 106). A hearing was held before an
3  administrative law judge on September 11, 1995. The ALJ issued a favorable decision on October 10,
4  1995, finding the plaintiff met Listing of Impairment § 12.09 listed in 20 C.F.R., Part 404, Subpart P,
5  Appendix 1. A redetermination was conducted by the state agency pursuant to Pub. L. No. 104-121, and
6  a determination dated January 22, 1997 was issued finding his disability ceased January 1, 1997 (Tr. 20).
7  On March 10, 1997, plaintiff filed a Request for Hearing. A hearing was held before ALJ Joel T. Elliott on
8  August 12, 1998 (Tr. 362). The ALJ issued a decision denying plaintiff's claim and affirming the cessation
9  of disability on October 27, 1998 (Tr. 358-386).

10  Plaintiff appealed the decision to the Appeals Council on December 22, 1998 (387-394). On
11  January 19, 2000, plaintiff filed a new claim for supplemental security income. This claim was filed while
12  plaintiff's request for review of the ALJ's decision was pending at the Appeals Council. Plaintiff was
13  determined to be disabled with that application, and began to receive supplemental security income benefits
14  under the January 19, 2000 application (Tr. 404).

15  An Order remanding plaintiff's claim to an ALJ was issued by the Appeals Council on August 17,
16  2002 (Tr. 403-405). The Appeals Council vacated the ALJ's October 27, 1998 decision, and remanded the
17  case for further proceedings to include a new decision. The Appeals Council specifically affirmed the
18  favorable determination on plaintiff's January 19, 2000, supplemental security income application. The
19  Appeals Council's Order to vacate and remand only pertained to the cessation of benefits previously
20  received by the claimant on the basis of the applications originally filed on November 15, 1993.
21  Accordingly, the time period remanded for further review was for the period January 1997 through January
22  2000. A subsequent hearing was held before Judge Elliott on April 16, 2003 (Tr. 32-76). The ALJ issued a
23  decision on July 21, 2003, denying plaintiff's claim (Tr. 17-30). Plaintiff appealed the decision to the
24  Appeals Council on July 29, 2003 (Tr. 15-16), and an Order denying review of the decision of the ALJ was
25  issued on January 11, 2005 (Tr. 7-10).

26  In response to plaintiff's opening brief and arguments made therein, defendant concedes the ALJ
27  erred in making his decision and argues remand for further consideration is the appropriate remedy.
28  Plaintiff argues the appropriate remedy is an immediate reversal and award of benefits. As noted above,

REPORT AND RECOMMENDATION
Page - 2

1 after reviewing the record, this court finds that a remand for further proceedings is appropriate.

2 DISCUSSION

3       The decision whether to remand a case for further proceedings or simply to award benefits is within
4 the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1176-1178 (9th Cir. 2000). An award of
5 benefits is appropriate when no useful purpose would be served by further administrative proceedings, or
6 when the record has been fully developed and there is not sufficient evidence to support the ALJ's
7 conclusion. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). Remand is appropriate where
8 additional administrative proceedings could remedy defects. Id.; Bilby v. Schweiker, 762 F.2d 716, 719
9 (9th Cir. 1985) (*citing* Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984)). Where remand would only
10 delay the receipt of benefits, judgment for the claimant is appropriate. Rodriguez, 876 F.2d at 763.

11       After reviewing the arguments presented, the court finds the matter should be remanded for further
12 proceedings.   There are several unresolved issues for the administration to consider. For instance, the
13 issue of whether or not Mr. McWhorter meets a listed impairment. The ALJ found that Plaintiff'
14 pulmonary disease  was a severe impairment, but he found that this impairment did not meet or equal the
15 requirements in Listing 3.02 (Tr. 24). The ALJ noted the May 24, 2000 report by Dr. Kirkpatrick, who
16 confirmed a diagnosis of a heart-pulmonary function abnormality, but the ALJ did not specifically address
17 the pulmonary function test results cited by Dr. Kirkpatrick (Tr. 399). Dr. Kirkpatrick noted that the
18 FEV-1 test result was in the range of 1.27-1.35, approximately half of normal (Tr. 399). Plaintiff
19 resubmitted Dr. Kirkpatrick's May 24, 2000 report to the Appeals Council (Tr. 437), with other records,
20 and the actual lab test results were attached (Tr. 437, 439). Plaintiff is 6 ft., 1 in. tall (73 inches) (Tr. 42,
21 304). Listing 3.02(A) is met for an individual whose height is 72 inches or more when the FEV-1 result is
22 equal to or less than 1.65. Thus, the FEV-1 result obtained by Dr. Kirkpatrick would indicate that the
23 Listing 3.02(A) requirement would be met, but the FEV-1 test was conducted on May 22, 2000 (Tr. 439),
24 which is over four months after the time period at issue. A prior pulmonary function test obtained on
25 December 23, 1996 (about one week before the beginning of the relevant period) showed a moderate
26 obstructive lung defect, with an FEV-1 result of 2.27-2.37, about 60% of normal (Tr. 306). Based on that
27 result, Plaintiff would not meet Listing 3.02(A). Thus, the test results from just before and just after the
28 period at issue differ significantly and do not establish that Plaintiff met the Listing during the period that

REPORT AND RECOMMENDATION
Page - 3

ended on January 1, 2000. However, Dr. Kirkpatrick noted that Plaintiff's pulmonary condition was because of his long-term cigarette smoking and was continuing (Tr. 399). Because of the progressive long-term nature of COPD, and because Listing 3.02(A) would be met in May 2000, a medical judgment should have been made regarding whether Plaintiff's COPD existed at a disabling level prior to January 1, 2000. Consideration of the medical source opinions at issue does not establish that Plaintiff was disabled. There is conflicting medical evidence that needs to be weighed, and Plaintiff's capacity to do other work (step-five of the sequential process) needs to be considered based on a reevaluated RFC, which would also include a reevaluation of Plaintiff's subjective complaints.

Further proceedings are necessary because there are outstanding issues that must be resolved before a finding of disability can be made. On remand, a newly assigned ALJ should at least do the following:

- Call upon a medical expert to evaluate the progression of Plaintiff's COPD and determine whether Plaintiff is disabled based on medical factors alone (meets or equals a Listing), during the period January 1997 to January 1, 2000;

- Re-evaluate the opinions from Drs. Whitehill and Hawkins, including inquiring about the bases for their opinions;

- Re-evaluate the severity of Plaintiff's mental impairments pursuant to 20 C.F.R. §§ 404.1520a, 416.920a, calling upon a medical expert to address Plaintiff's mental impairments and resulting limitations, and the impact of Plaintiff's DAA, during the period January 1997 to January 1, 2000;

- Re-evaluate Plaintiff's credibility and the lay evidence;

- Re-evaluate Plaintiff's residual functional capacity;

- If necessary, reevaluate the claimant's capacity to perform other work at step five of the sequential process, and obtain additional vocational expert evidence.

Plaintiff should also have the opportunity to raise all of his arguments and any other issues to the ALJ on remand.

## CONCLUSION

Based on the foregoing discussion, the administrative decision should be remanded for further proceedings consistent with this decision. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal

Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 24, 2006**, as noted in the caption.

DATED this 2nd day of February, 2006.

                                              */s/ J. Kelley Arnold*
                                              J. Kelley Arnold
                                              U.S. Magistrate Judge

REPORT AND RECOMMENDATION
Page - 5